## THE BROTHERS.

### BEACHAM and another v. BECK and others.

*(District Court, D. Maryland. May 20, 1881.)*

1. LIBEL IN PERSONAM—PARTIES.

Repairs were put upon a domestic vessel by a firm of ship-builders, of which one of the part owners was a member.

Libel *in personam* was instituted by the firm against all the part owners to obtain a decree against them *in solido* for the repairs.

*Held,* that such a libel *in personam,* in which the same person is one of the libellants and also one of the respondents, could not be maintained.

In Admiralty. Libel *in personam* for repairs.

*Thomas S. Baer,* for libellants.

*Sebastian Brown,* for respondents.

MORRIS, D. J. This is a libel *in personam,* brought by Samuel T. Beacham and another, constituting the mercantile firm of John S. Beacham & Brother, against the said Samuel T. Beacham and 11 other persons, part owners of the bark Brothers. In 1878, Hays, one of the part owners, was the ship's husband, or managing owner; and, acting on behalf of all the owners, he let the bark for a voyage from Brunswick, Georgia, to Rio Janeiro. When she was about to enter upon her charter, she was discovered to be leaking and unfit for the voyage, and she was sent by the managing owner to the libellant's ship-yard, and had necessary repairs put upon her at a cost of $1,627. She was soon afterwards lost at sea. Of the bill for repairs the libellant's received a small sum from the managing owner, being the balance of the ship's earnings in his hands; and also received from him, and also from most of the other part owners, including Samuel T. Beacham, proportions of the balance of the bill equal to their respective shares in the ship. Certain others of the owners refused to pay anything, and this suit is brought against all to recover the unpaid balance of $339.

As to the defendants Baier Brothers, owners of one-sixteenth of the bark, I am satisfied from the testimony that they notified libellants at the commencement of the repairs that they would not be responsible for any part of the cost, and that libellants went on with the work, taking the risk of getting paid as to that share from the earnings of the vessel to come into the hands of the managing owner or by the other owners. As to the other owners who have refused to pay, while there is no evidence of express authority from them authorizing these particular repairs to be done, there is no evidence of any dissent; and as it appears that the managing owner had been acting as such for several years, and that during that time all matters connected with the management of the vessel and her employment had been committed to him, and that these repairs were necessary to enable the vessel to perform her charter, I think that *prima*

*facie* he was agent of the owners, with authority to bind them for repairs, and that any restriction of this implied authority must be proved by the owners to have been known to the creditor. Maclachlan, 108; *Revens* v. *Lewis,* 2 Paine, 202.

There is, however, a defence set up of a technical character which I have not felt at liberty to disregard, and which I have not been able satisfactorily to answer. It is the objection that in no suit (except in equity) can the same person be one of the plaintiffs and at the same time one of the defendants. I do not see that in this case the objection could be cured by amendment. The suit is based and the libel is framed upon the liability of all the owners to respond to the creditor jointly and *in solido.* In such a suit the failure to join all the owners as defendants could be objected to by plea in abatement. Maclachlan, 117; 2 Conkling's Adm. 23; Benedict's Adm. § 387; 1 Parsons, Ship. and Adm. 118.

The defendants, who have paid their share, are still liable under this libel for the residue, (1 Parsons, Ship. and Adm. 102,) and the decree would be a decree in favor of Samuel T. Beacham and against Samuel T. Beacham, and could not be a decree against any of the defendant's separately. *Jenks* v. *Lewis,* 1 Ware, 51; *Thomas* v. *Lane,* 2 Sumner, 1.

Courts of admiralty have no general jurisdiction to administer relief as courts of equity, and will not assume jurisdiction in matters of account between part owners. *The Larch,* 2 Curtis, 434; *Davis* v. *Child,* 1 Davis, 80; *Andrews* v. *Ins. Co.* 3 Mason, 16; *Ward* v. *Thompson,* 22 H. 330; *Orleans* v. *Phœbus,* 11 Pet. 175; 1 Parsons, Ship. and Adm. 116.

I am constrained to think that the libel must be dismissed.